UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

MIKE MARINI
    Plaintiff,

-vs-

EXPERIAN INFORMATION SOLUTIONS, INC.,
    Defendant.

Case No.
Hon.

## COMPLAINT & JURY DEMAND

### SUBJECT MATTER JURISDICTION

1. This court has federal question, subject matter jurisdiction under the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681o and 28 U.S.C. § 1331,1337.

2. This court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. § 1367.

### PARTIES

3. The Plaintiff to this lawsuit is Mike Marini, who resides in Washtenaw County, MI.

1

4. The Defendant to this lawsuit is Experian Information Solutions, Inc. (Experian).

5. Experian is a foreign corporation registered to do business in the State of Michigan.

6. Experian is a consumer reporting agency.

## PERSONAL JURISDICTION

7. Because Experian has registered to do business in the State of Michigan, it has established a place of business for service of process.

8. Experian has consented to general jurisdiction within the State of Michigan. *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 592 U.S. 351, 369 (2021); *Mallory v. Norfolk S. Ry.*, 600 U.S. 122, 129 (2023).

## VENUE

9. The transactions and occurrences which give rise to this action occurred in Washtenaw County.

10. Venue is proper in the Eastern District of Michigan and Southern Division.

## GENERAL FACTUAL ALLEGATIONS

11. Sometime during 2023, an individual posed as Mike Marini using Mr. Marini's personal identifiers in order to fraudulently obtain credit from Capital One Bank, NA (Cap One).

12. Cap One extended credit to the identity thief posing as Mr. Marini and opened an account in Mr. Marini's name without Mr. Marini's permission or consent.

13. Mr. Marini took no action that would give any reasonable person the impression that Mr. Marini had authorized the identity thief to open the Cap One credit account in Mr. Marini's name.

14. Cap One allowed the identity thief to incur charges to the account that it opened in Mr. Marini's name.

15. The identity thief did not pay for the charges incurred, which led to Cap One placing the account into a "charge off" status.

16. Mr. Marini did not benefit from the account or any of the charges to the account.

17. The credit agreement with Cap One was entered into without the request, knowledge, authorization, or consent of Mr. Marini.

18. The identity thief had no actual authority to bind Mr. Marini to any agreement.

19. After Cap One opened the account in Mr. Marini's name, Cap One began to report information about the account to Experian.

20. Cap One provided its credit reporting to Experian under the Metro 2 format which is promulgated by the Consumer Data Industry Association in the Credit Reporting Resource Guide.

21. Ultimately, Experian reported that Mr. Marini had defaulted on the Cap One account and had failed to pay for more than 180 days.

22. The reporting failed to reflect that Mr. Marini was the victim of identity theft; that he never consented to or authorized the opening of the account or any charges; or that he never benefitted from the fraudulent account, charges or purchases.

23. In May of 2023, Mr. Marini obtained a copy of his Experian consumer file, which is used by Experian to generate consumer reports relating to Mr. Marini.

24. Experian's disclosure of Mr. Marini's file contained inaccurate credit information relating to accounts from the following entities:



25. Experian received Cap One's credit data under the terms of a data furnisher agreement under which:

    a. Experian provided express notice of Cap One's duties under the FCRA;

    b. Cap One agreed to indemnify Experian for inaccurate reporting of Cap One's accounts;

    c. Experian agreed with Cap One to follow industry reporting standards as promulgated by the Consumer Data Industry Association, in its Consumer Reporting Resource Guide.

    d. Experian disclaimed any warranty of accuracy for data provided to Cap One.

26. Mr. Marini initially disputed the account to Experian by phone.

27. Experian refused to delete the fraudulent Cap One account in response to Mr. Marini's phone dispute.

28. Experian failed to conduct a reasonable investigation:

    a. The investigation, if any, was not a searching inquiry to determine whether Mr. Marini opened the account in Experian's credit file for Mr. Marini.

    b. The investigation, if any, was not a searching inquiry to determine whether Mr. Marini incurred the unpaid charges to the account in Experian's credit file for Mr. Marini.

    c. The investigation, if any, was not in any way calculated to determine whether the information disputed by Mr. Marini was accurate.

    d. Experian failed to give due weight to Mr. Marini's allegations of fraud.

29. Mr. Marini's dispute provided sufficient information to inform Experian that the information in dispute was not from a reliable source.

30. Had Experian conducted a reasonable investigation, it would have learned that Mr. Marini had not opened the Cap One account and that Cap One had no documents establishing the account to rely upon.

6

31. Cap One is not a reliable source of information and regularly provides data that should properly be deleted or removed, and likewise improperly demands reinsertion of data that has already been deleted or blocked.

32. Mr. Marini filed a police report concerning the identity theft and completed an identity theft affidavit.

33. Mr. Marini tendered another dispute to Experian, this time written, and provided copies of the affidavit and police report to Experian with his disputes.

34. Experian received Mr. Marini's disputes, along with the identity theft affidavit and police report.

35. Experian did not forward Mr. Marini's dispute to Capital One as required by 15 U.S.C. § 1681i.

36. On December 21, 2023, Experian removed the fraudulent account from Mr. Marini's credit file in response to Mr. Marini's written dispute.



37. Shortly after deleting the fraudulent Cap One account, Experian reinserted that information in Mr. Marini's credit file and unblocked its reappearance. The notice of this action provided by Experian, failed to indicate why it had reinserted and unblocked this information, effectively hiding this information from Mr. Marini.

38. Experian represented to Mr. Marini that:

> Since we sent you an updated personal credit report reflecting that certain items on your report were blocked due to fraud, we have obtained additional information concerning the blocked transaction(s). The additional information indicated that either:
>
> - The request to block information was based on a material misrepresentation
> - You have agreed in writing that the information was blocked in error
> - You knowingly obtained or should have known that you obtained possession of goods, services, or moneys as a result of the blocked transaction or transactions.
>
> Therefore, the information previously blocked has been reinserted to your personal credit report. Should you need additional information, please refer to the attached copy of your personal credit report for the name, address and phone number (if available) of the data furnisher of the information that was unblocked. If you still believe the item is inaccurate, then we will add a statement of continued dispute to the personal credit report at your request.

39. Of the three possible reasons identity by Experian, each was false.

40. In January 2023, Mr. Marini obtained a copy of Mr. Marini consumer file which is used by Experian to generate consumer reports relating to Mr. Marini.

41. That disclosure of Mr. Marini's file contained the inaccurate credit information from Cap One.

8

42. Experian credit file for Mr. Marini now contains false, inaccurate, and misleading information relating to the fraudulent account opened by the identity thief with Cap One.

43. The Cap One account information inaccurately portrays Mr. Marini as:

    a. A deadbeat who does not pay his bills;

    b. Owing a balance;

    c. Having an amount past due;

    d. Having missed payments;

    e. Someone whose identity was not stolen;

    f. More financially irresponsible than someone who timely pays his or her bills.

44. The Cap One account information is incomplete and missing fair context, including Mr. Marini's dispute and that the account was the result of an identity theft which was documented by means of identity theft reports requiring the deletion of the account.

45. Experian failed to permanently block the Cap One account even though it was required to do so upon receipt of Mr. Marini's identity theft affidavit and police report.

46. Experian reinserted the Cap One account information in Mr. Marini's credit file, even though it had no credit basis or evidence to contradict Mr. Marini's sworn statement and police report.

47. Mr. Marini separately wrote to Cap One to dispute the charges, and to request copies of all account materials related to the identity theft under 15 U.S.C. § 1681g(e).

48. Following Experian's failure to perform any reasonable investigation of Mr. Marini's dispute and reinsertion of the fraudulent Cap One account, Experian published a copy of Mr. Marini's consumer report which included the inaccurate Cap One account information.

49. On February 8, 2024, as a result of the publication of the inaccurate information, Mr. Marini suffered damages in the form of adverse action on a home loan application to Lake Michigan Credit Union.

50. Experian has maintained the disputed Cap One account information in Mr. Marini's credit file.

51. Any reports that Experian prepares using the information in Experian's credit file for Mr. Marini will contain that information.

52. Experian has prepared consumer reports concerning Mr. Marini using the disputed Cap One account information following Experian's processing of his disputes.

## Count I.  FCRA

53. Experian prepared one or more consumer reports relating to Mike Marini following disputes of the Cap One account information.

54. Experian knew or should have known, at the time it processed Mr. Marini's disputes and prepared those consumer reports, that the Cap One account information was inaccurate as a result of the fraud used to open the account.

55. Those consumer reports contained inaccurate information relating to the Cap One account.

56. Experian failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mike Marini contained within those reports.

57. Experian violated the FCRA, 15 U.S.C. § 1681e(b).

58. Mike Marini requested reinvestigation of inaccurate Cap One credit information maintained by Experian in Mike Marini's credit file.

59. The FCRA required Experian to conduct a reasonable investigation to determine whether the information was inaccurate, consider and give due weight to all relevant information submitted by Mike Marini in connection with the investigation of Mike Marini's dispute and

properly record the current status of the disputed information or delete the item if the information could not be verified as accurate.

60. Experian failed to properly consider and give due weight to all relevant information submitted by Mike Marini in course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681(a)(5).

61. Experian failed, by virtue of continuing to maintain inaccurate information in Mr. Marini's file, to properly record the status of the disputed information.

62. Experian did not itself verify the disputed item as accurate.

63. Experian's "reinvestigation" improperly resulted in the reporting of information which was objectively inaccurate.

64. The Cap One information disputed by Mr. Marini was "unverifiable" due to the fraud and Experian was therefore required to remove and block the information from reinsertion.

65. Experian failed to remove and block the Cap One information from reinsertion.

66. Experian improperly verified the inaccurate Cap One account information after failing to complete a reasonable and proper reinvestigation.

67. Following the reinvestigation and deletion of the disputed account information from Mike Marini 's credit report, Experian reinserted that account information back into the credit report.

68. Experian reinserted this information even though it had not received any certification of the disputed account information's accuracy, in violation of the FCRA, 15 U.S.C. § 1681i(5)(B).

69. Experian, after removing the block on the Cap One account, rescinded that block and provided a list of false reasons for that action in violation of 15 U.S.C. § 1681c-2.

70. Experian unreasonably failed to block the Cap One account information following receipt of an identity theft report from Mr. Marini in violation of 15 U.S.C. §  1681c-2.

71. Experian failed to conduct a proper investigation into Mike Marini's credit reporting dispute as required by 15 U.S.C. § 1681i.

72. Experian has negligently violated the FCRA, 1681o; alternatively, Experian has willfully violated the FCRA, 15 U.S.C. §§ 1681i and 1681n.

73. Experian has done the same thing to other consumers as it has done to Mr. Marini despite being put on notice of problems with its dispute processing, its process of parroting information from its data

furnishers and various case law and regulatory agencies notifying Experian that its conduct harms consumers runs afoul the FCRA.

74. Mr. Marini has suffered damages as a result of this violation of the FCRA.

## STANDING

75. Following Mr. Marini's disputes of the Cap One account information, Experian published consumer reports concerning Mr. Marini and including the inaccurate Cap One account information on or about February 8, 2024, to Lake Michigan Credit Union.

## JURY DEMAND

76. Mr. Marini demands trial by jury.

## REQUEST FOR RELIEF

77. ACCORDINGLY Mr. Marini requests that the Court Grant any relief allowed by federal law and Fed.R.Civ.P. 54(c), including actual damages, punitive damages, statutory fees and damages, prejudgment interest and all other relief that is just and proper.

Respectfully Submitted,

By: /s/ *Ian B. Lyngklip*
Ian B. Lyngklip P47173
**LYNGKLIP & ASSOCIATES,**
**CONSUMER LAW CENTER, PLC**
Attorney for Mike Marini
13751 W. 11 Mile Road
Oak Park, MI  48237
Ian@ConsumerLawyers.com
(248) 208-8864

Duran Keller
**KELLER LAW**
8 North Third Street, Suite 403
Lafayette, IN  47901
durankeller@me.com
(765) 444-9202

Dated: March 18, 2025